### In re: DESLORATADINE PATENT LITIGATION.

### No. MDL NO. 1851.

United States Judicial Panel on Multidistrict Litigation.

Aug. 16, 2007.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

Before the entire Panel *: This motion is brought pursuant to 28 U.S.C. § 1407 by

Schering Corp. (Schering), the plaintiff in three actions pending, respectively, in the Middle District of Florida, the Eastern District of Michigan and the District of New Jersey, as listed on Schedule A. Schering moves the Panel for coordinated or consolidated pretrial proceedings of these actions in the District of New Jersey. Defendants named in both the Eastern District of Michigan and the District of New Jersey actions—Sun Pharmaceuticals Industries Ltd. (Sun) and Caraco Pharmaceuticals Laboratories Ltd. (Caraco)—oppose the motion. In the event the Panel orders transfer over their objections, these defendants suggest the Eastern District of Michigan as transferee district. The remaining defendants did not respond to the motion.[1]

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In each action Schering has asserted that a proposed generic product infringes its patent, U.S. Patent 6,100,274 (the '274 patent), which relates to drug formulations containing descarbonylethoxyloratadine (desloratadine).[2] The actions can thus be expected to share factual questions with respect to the '274 patent's validity and enforceability, among other things. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary.

The objecting defendants base a significant part of their opposition to centralization on their concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern. However, transfer under Section 1407 will have the salutary effect of assigning the present actions to a single judge who can formulate a pretrial program that ensures that all pretrial proceedings will be conducted in a just and expeditious manner. Indeed, actions involving the validity of pharmaceutical patents, in which the entry of generic versions of drugs into the market is also at issue, are well-suited for transfer under Section 1407. *See, e.g., In re Metoprolol Succinate Patent Litigation,* 329 F.Supp.2d 1368 (Jud.Pan.Mult.Lit.2004) (ordering transfer under Section 1407 of four actions in which patentholder alleged infringement of two complex pharmaceutical patents).

The District of New Jersey stands out as an appropriate transferee forum. The action in this district already encompasses

---

1. Belcher Pharmaceuticals, Inc.; Geopharma Inc.; Dr. Reddy's Laboratories, Ltd.; Dr. Reddy's Laboratories, Inc.; Glenmark Pharmaceuticals Inc., USA; Glenmark Pharmaceuticals, Ltd.; Lupin Pharmaceuticals Inc.; Lupin Ltd.; L. Perrigo Co.; Mylan Pharmaceuticals Inc.; Orgenus Pharma, Inc.; Orchid Chemicals & Pharmaceuticals, Ltd.; Perrigo Co.; Ranbaxy Inc.; Ranbaxy Laboratories Ltd.; Sandoz Inc.; *Watson Pharmaceuticals, Inc.;* and Watson Laboratories, Inc.

2. Schering sells desloratadine products covered by the '274 patent for the treatment of allergic disorders throughout the United States under the brand name Clarinex®.

all defendants, and the common party pat-entholder is located there. Also, only de-fendants Sun and Caraco support the Eastern District of Michigan as transferee district while all other defendants ac-quiesce to centralization in the District of New Jersey by their lack of response to the motion.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Hon-orable Mary L. Cooper for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*Middle District of Florida*

*Schering Corp. v. GeoPharma, Inc.*, et al., C.A. No. 8:06–1843

*Eastern District of Michigan*

*Schering Corp. v. Caraco Pharmaceuti-cal Laboratories, Ltd.*, et al., C.A. No. 2:06–14386

*District of New Jersey*

*Schering Corp. v. Zydus Pharmaceuti-cals, USA, Inc.*, et al., C.A. No. 3:06–4715

---

* Judge Scirica did not participate in the deci-sion of this matter.